United States Bankruptcy Court
Southern District of Texas

**ENTERED**

May 13, 2022

Nathan Ochsner, Clerk

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## MCALLEN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **CASE NO: 20-70295** |
| **FATIH OZCELEBI,** | § | |
| | § | **CHAPTER 7** |
| Debtor. | § | |
| _____ | § | |
| **CATHERINE STONE CURTIS,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| **VS.** | § | **ADVERSARY NO. 22-7004** |
| | § | |
| **CENGIZ OZCELEBI** | § | |
| **and** | § | |
| **FATIH OZCELEBI** | § | |
| **and** | § | |
| **MD MANAGEMENT** | § | |
| **and** | § | |
| **MISSION BUSINESS MANAGEMENT** | § | |
| **and** | § | |
| **LYRA HERITAGE TRUST** | § | |
| **and** | § | |
| **VEGA HERITAGE TRUST** | § | |
| **and** | § | |
| **SOLANO HERITAGE TRUST** | § | |
| **and** | § | |
| **JULIE OZCELEBI,** | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION

Catherine Stone Curtis, the chapter 7 trustee, seeks entry of a temporary restraining order

and preliminary injunction against Cengiz Ozcelebi, in his capacity as trustee of the Lyra and Vega

Heritage Trusts, and Kaan Ozcelebi, in his capacity as trustee of the Solano Heritage Trust.  On

May 12, 2022, the Court held a hearing addressing the request for a temporary restraining order

and preliminary injunction.  For the reasons set forth below, the Court issues the instant Memo-

randum Opinion and Order denying the requested relief.

## I.   BACKGROUND

On April 28, 2022, Catherine Stone Curtis, the chapter 7 trustee, ("*Trustee*") filed the in-

stant "Complaint and Verified Emergency Application for Temporary Restraining Order and Pre-

liminary Injunction" ("*Complaint*")[1] against Fatih Ozcelebi, ("*Dr. Ozcelebi*" or "*Debtor*"), Julie

Ozcelebi ("*Mrs. Ozcelebi*"), Fatih Ozcelebi MD Management, LLC, Mission Business Manage-

ment,  LLC, Cengiz Ozcelebi as trustee of  the Lyra Heritage Trust and the Vega Heritage Trust,

and Kaan Ozcelebi as trustee of  the Solano Heritage Trust (collectively "*Defendants*").  In the

Complaint, Trustee brings claims for (1) declaratory judgment; (2) recovery of fraudulent transfers

pursuant to Texas Business & Commerce Code section 24.008 and 11 U.S.C. § 550; and (3) ap-

plication for a temporary restraining order ("*TRO*") and preliminary injunction (collectively "*Ap-

plication*").[2]  The Application seeks to (i) "prevent any further transfers out of the country of assets

that [Trustee] believes are estate property and thus available to satisfy claims against the estate;"[3]

and (ii) "enjoin any further transfers other than ordinary, day to day expenses of living and oper-

ating the debtor's businesses."[4]

On May 10, 2022, Mrs. Ozcelebi filed "Julie Ozcelebi's Response in Opposition to Cath-

erine Curtis' Emergency Application for Temporary Restraining Order and Preliminary Injunc-

tion"[5] ("*Mrs. Ozcelebi's Response*").  On the same date, Lyra Heritage Trust, Vega Heritage Trust,

and Solano Heritage Trust (collectively, "*Trusts*") filed their "Response of Lyra Heritage Trust,

---

[1] ECF No. 1.
[2] *Id.*
[3] *Id.* at 3, ¶ 12.
[4] *Id.* at 3, ¶ 13.
[5] ECF No. 16.

Vega Heritage Trust, and Solano Heritage Trust to Trustee's Verified Emergency Application for Temporary Restraining Order and Preliminary Injunction"[6] ("*Trusts' Response*").  On May 11, 2022, Debtor filed his "Fatih Ozcelebi's Joinder to (I) Lyra Heritage Trust's Response, and (II) Julie Ozcelebi's Response to the Trustee's Verified Emergency Application for Temporary Restraining Order and Preliminary Injunction"[7] ("*Debtor's Response*").  On May 12, 2022, the Court held a hearing on the Application portion of the Complaint only.

## II.  ANALYSIS

### A.  Jurisdiction, Venue, and This Court's Constitutional Authority to Enter a Final Order

This Court holds jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334 and now exercises its jurisdiction in accordance with In re: Order of Reference to Bankruptcy Judges, Gen. Order 2012-6 (S.D. Tex. May 24, 2012).  Administration of the instant bankruptcy estate is a core proceeding under § 157(b)(2)(A) and (F).  Therefore, because this is a core matter arising under title 11, the Supreme Court's holding in *Stern v. Marshall*[8] is not applicable and this Court holds constitutional authority to enter a final order and judgment with respect to the core matters at bar.[9]

Next, pursuant to § 105(a) of the Bankruptcy Code, this Court is authorized to issue "any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]."[10]  The purpose of § 105(a) is "to assure the bankruptcy court's power to take whatever action is appropriate or necessary in aid of the exercise of their jurisdiction."[11]  Here, this court has jurisdiction over all Debtor's assets, wherever located, pursuant to 28 U.S.C. 1334,

---

[6] ECF No. 17.

[7] ECF No. 18.

[8] 131 S. Ct. 2594 (2011).

[9] 564 U.S. 462 (2011).

[10] 11 U.S.C. § 105(a).

[11] 2 COLLIER ON BANKR. ¶ 105.01 (15th 2015).

and the threat of dissipation of those assets by Debtor is a threat to this Court's jurisdiction. Thus, in an appropriate case, the bankruptcy court may grant a preliminary injunction staying a creditor or third-party actions that adversely impacts the estate of Debtor or its creditors.[12]

Finally, venue is governed by 28 U.S.C. §§ 1408, 1409. Here, venue is proper because the Court is presiding over the underlying bankruptcy case.[13]

## B. Trustee's failure to comply with Local Rules

Before evaluating the merits of Trustee's Application, the Court addresses whether Trustee complied with the applicable local rules when filing. The Trusts' Response argues that Trustee failed to comply with requirements to state and verify an emergency in several ways.[14] First, BLR 9013-1(i) mandates that all emergency pleadings "contain a detailed statement as to why an emergency exists, and the date relief is needed to avoid the consequences of the emergency."[15] As the Trusts correctly note, Trustee's Application does not comply with this requirement.[16]

Second, the Trusts' Response argues that Trustee fails to properly certify the emergency motion.[17] BLR 9013-1(i) mandates that "[t]he motion seeking an emergency hearing must be certified for its accuracy by the party seeking the emergency relief or by its counsel."[18] However, the Trusts' Response contends that Trustee's limited "certification" does not comply with this requirement of BLR 9013-1(i).[19] On page eleven of the Complaint, Trustee states "I declare under penalty of perjury under the laws of the United States of America that the facts stated in paragraphs

---

[12] *See In re Landmark Air Fund II*, 19 B.R. 556 (Bankr. N.D. Ohio 1982). *See also United States v. Dos Cabezas Corp.*, 995 F.2d 1486, 1491-92, n.3 (9th Cir. 1993).
[13] *See* Bankr. ECF No. 1.
[14] ECF No. 17 at 6, ¶ 23.
[15] Bankr. Local R. 9013-1(i).
[16] *See* ECF No. 1.
[17] ECF No. 17 at 6, ¶ 25.
[18] Bankr. Local R. 9013-1(i).
[19] ECF No. 17 at 6, ¶ 25.

52 through 58 of the foregoing Complaint are true and correct."[20]  The Trusts take issue that although Trustee is seeking emergency relief, this certification only applies to seven paragraphs of the Complaint.[21]  Upon review, the Court finds that Trustee did not substantially comply with her obligation to certify under BLR 9013-1(i).

Third, the Trusts argue that Trustee further failed to comply with BLR 9013-1(b) and (i) by failing to include in the Application the "negative notice" language required by BLR 9013-1(b) and the special notice provision required for all emergency motions under BLR 9013-1(i).[22]  The Court agrees that Trustee violated BLR 9013-1(b) and (i) by failing to do so.

Finally, the Trusts' Motion argues that Trustee violated this Court's Procedures for filing emergency motions because Trustee failed to comply with this Court's requirement to (i) file an emergency motion "using the CM/ECF event code for an 'emergency motion'"; or (ii) to "identify the date by which emergency relief is needed just below the language required by BLR 9013(b)."[23]  The Court agrees that Trustee violated Section VI(b) of this Court's Procedures.

## C. Failure to specify relief

The next alternative argument offered in the Trusts' Response is that the Application cannot be granted because, on its face, the Application fails to allege with specificity precisely that which it seeks to require or enjoin any party from doing.[24]  The Trusts' Response argues that "it is impossible to tell from the face of the proposed injunction exactly what the enjoined parties can or cannot do or must do" and that "it is unreasonable for the Trustee to request emergency injunctive relief that is not clearly articulated in the four corners of the injunction itself."[25]

---

[20] ECF No. 1 at 11.
[21] ECF No. 17 at 6, ¶ 25.
[22] *Id.* at 6, ¶ 27.
[23] Court Procedures, Eduardo V. Rodriguez, United States Bankruptcy Judge at Section VI, para. (b).
[24] ECF No. 17 at 2, ¶ 2.
[25] *Id.*

"The Fifth Circuit strictly construes Fed. R. Civ. P. 65(d)(1) to require that parties be able to interpret [an] injunction from the four corners of the order.[26]  In other words, the injunction itself must contain sufficient detail as to put the party enjoined on notice of precisely what he is called upon to do or refrain from doing."[27]  Here, Trustee requested the following injunctive relief in the proposed form of order: "Cengiz Ozcelebi, in his capacity as Trustee of the Lyra and Vega Trusts, and Kaan Ozcelebi, in his capacity as Trustee of the Solano Trust, are enjoined from: (i) Transferring assets outside of the ordinary course of business, either directly or indirectly; and (ii) Making any transfers to the Debtor or Mrs. Ozcelebi or for their benefit while this litigation remains pending."[28]

As the Trusts' Response correctly points out, "ordinary course of business" is an ambiguous term left undefined by Trustee.[29]  Further, the Trusts' Response contends that the inclusion of the words "directly or indirectly" in the first provision of the proposed form of injunction is, by its very nature, all-encompassing and therefore lacks the precision demanded by Federal Rule of Civil Procedure 65(d)(1).[30]  Additionally, the Trusts' Response argues that it is unclear what constitutes a "transfer" under this proposed form of injunction and whether it would invade the ability of any Trusts to conduct its "trust business" as contractually and statutorily obligated.[31]  Finally, the inclusion of the words "or for their benefit," by its nature, is intended as a catch-all provision.[32]  The Court agrees with each of the specificity flaws highlighted by the Trusts' Response.

[26] *Seattle-First Nat. Bank v. Manges*, 900 F.2d 795, 800 (5th Cir. 1990); *In re SkyPort Glob. Commc'ns, Inc.*, No. 08-36737-H4-11, 2013 WL 4046397, at *45 (Bankr. S.D. Tex. Aug. 7, 2013), aff'd, 528 B.R. 297 (S.D. Tex. 2015), aff'd in part sub nom. *In re Skyport Glob. Commc'n, Inc.*, 642 F. App'x 301 (5th Cir. 2016), and aff'd sub nom.
[27] *Seattle-First Nat. Bank*, 900 F.2d at 800; *Sheila's Shine Products, Inc. v. Sheila Shine, Inc.*, 486 F.2d 114, 129 (5th Cir. 1973); *In re Skyport*, 2013 WL 4046397, at *45 (internal quotations omitted).
[28] ECF No. 1-2.
[29] ECF No. 17 at 8, ¶ 31.
[30] *Id.*
[31] *Id.* 8, ¶ 32.
[32] *Id.*

Accordingly, the Application should be denied for failure to comply the Local Rules and this Court's Procedures as well as for failing to sufficiently specify that which it seeks to require or enjoin any party from doing. Nonetheless, the Court will evaluate the merits of the Application.

**D. Preliminary Injunction and TRO**

The standard for issuing a TRO is the same as the standard for issuing a preliminary injunction.[33] A TRO is a "highly accelerated and temporary form of preliminary injunctive relief."[34] However, in either case, injunctive relief is "an extraordinary remedy" that may be awarded only upon "a clear showing that the plaintiff is entitled to such relief."[35] When a party seeks a preliminary injunction, they must establish the following elements: (1) a substantial likelihood that the party will prevail on the merits; (2) a substantial threat that irreparable harm will result if the injunction is not granted; (3) the threatened injury outweighs the threatened harm to the nonmovants; and (4) granting the preliminary injunction will not disserve the public interest.[36] "The party seeking such relief must satisfy a cumulative burden of proving each of the four elements enumerated before a temporary restraining order or preliminary injunction can be granted."[37] However, a party seeking relief does not need to prove its full case in the hearing for an injunction.[38] Finally, none of the four factors has a fixed value but rather, a sliding scale is utilized, which takes into account the intensity of each in a given calculus.[39]

---

[33] *See Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987).

[34] *Island Peak Grp., LLC v. Stark*, Civil Action No. 3:22-CV-00838-N, 2022 U.S. Dist. LEXIS 76323, at *8 (N.D. Tex. 2022).

[35] *Texas v. United States*, 515 F. Supp. 3d 627, 631 (S.D. Tex. 2021) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).

[36] *A.T.N. Indus., Inc. v. Gross*, No. 15-20102, 2015 WL 8105841, at *3 (5th Cir. Dec. 7, 2015).

[37] *Texas*, 515 F. Supp. 3d at 631 (quoting *Clark*, 812 F.2d at 993).

[38] *Fed. Sav. & Loan Ins. Corp. v. Dixon*, 835 F.2d 554, 558 (5th Cir. 1987).

[39] *Texas*, 515 F. Supp. 3d at 631 (citing *Siff v. State Democratic Exec. Comm.*, 500 F.2d 1307 (5th Cir. 1974)).

Both the Trusts' Response and Mrs. Ozcelebi's Response contend that Trustee has not met her burden in satisfying the four-factor test.[40]  The Court will consider each in turn.

### 1. Likelihood of success on the merits

Injunctive relief is appropriate only where the plaintiff shows that there is a substantial likelihood it will prevail on the merits.[41]  To show a likelihood of success on the merits, the plaintiff need only establish "a prima facie case."[42]  The Fifth Circuit has cautioned that "it is inequitable to temporarily enjoin a party from undertaking activity which he has a clear right to pursue."[43]  In the Complaint, Trustee brings claims for (1) declaratory judgment that the Trusts are property of the estate; and (2) recovery of fraudulent transfers pursuant to Tex. Bus. & Com. Code § 24.008 and 11 U.S.C. § 550.[44]  In order to satisfy the first factor, plaintiff must show a likelihood of success on both claims.

### a. Declaratory judgment

The Declaratory Judgment Act, 28 U.S.C. § 2201(a) ("*DJA*") provides "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  For a declaratory judgment action to survive, a justiciable substantive claim must exist.[45]  Courts wield great discretion in

---

[40] ECF No. 16 at 3-7; *see* ECF No. 17 at 5, ¶ 21 ("The TRO/Injunction Application is full of conclusory statements and is almost entirely devoid of factual allegations, much less detailed factual allegations that state a claim or would support emergency injunctive relief. Instead, the Trustee relies almost entirely on this Court to search through its Memorandum Opinion entered at Docket No. 356 in the Bankruptcy Case, to forage for facts to support the extraordinary injunctive relief the Trustee has requested – on an emergency basis.").
[41] *Gross*, No. 15-20102, 2015 WL 8105841, at *3.
[42] *Morris-Shea Bridge Co., Inc. v. Cajun Indus. LLC*, No. 3:20-cv-00342, 2021 U.S. Dist. LEXIS 173783, at *5 (S.D. Tex. 2021).
[43] *Texas v. Seatrain Int'l, S. A.*, 518 F.2d 175, 180 (5th Cir. 1975).
[44] ECF No. 1.
[45] *Williams v. Farris (In re Williams)*, Nos. 19-32784, 19-3683, 2021 Bankr. LEXIS 924, at *63 (Bankr. S.D. Tex. 2021).

determining whether to entertain an action under the federal DJA.[46]  Under federal law, the burden of proof on a declaratory judgment action is not governed by the positioning of parties as plaintiff or defendant, but rather a party's affirmative assertion on an issue.[47]

In the Complaint, Trustee is seeking a declaratory judgment that the Trusts are property of the estate.[48]  Trustee argues that she has established that she is likely to prevail upon the merits of her declaratory judgment claim based upon "the allegations made herein and the findings of the United States Bankruptcy Court in its Memorandum Opinion dated April 1, 2022."[49]  The basis of Trustee's declaratory judgment action is that the Trusts are self-settled and thus property of the estate subject to the claims of creditors.[50]  Alternatively, Trustee asserts that the Trusts were a "mere legal fiction" operated for the benefit of Debtor and thus should be property of the estate.[51] At the hearing, Trustee was wholly unable to offer any evidentiary support for her contention that the declaratory judgment claim is likely to succeed on the merits.[52]

Accordingly, Trustee has failed to establish that she has a substantial likelihood of success on the merits of her declaratory judgment action.

### b.  Fraudulent transfers

In the Complaint, Trustee alleges that Debtor fraudulently transferred his interest in the Clinic and the Endoscopy Center to the Lyra Trust and Vega Trust in 2007.[53]  Pursuant to Tex. Bus. & Com. Code section 24.005(a)(1), a creditor may recover a transfer made with actual intent

---

[46] *Id.*
[47] *Wiggains v. Reed (In re Wiggains)*, Nos. 13-33757-SGJ-7 (Chapter 7), 14-03064-SGJ, 2015 Bankr. LEXIS 1121, at *26 (Bankr. N.D. Tex. 2015).
[48] ECF No. 1.
[49] *Id.* at 10, ¶ 53.
[50] *Id.* at 7-8, ¶ 36.
[51] *Id.* at 8, ¶ 41.
[52] ECF No. 20.
[53] ECF No. 1 at 8, ¶ 44.

to hinder, delay or defraud creditors.[54]  To summarize, the elements of an actual fraudulent transfer under Texas Uniform Fraudulent Transfer Act ("*TUFTA*") are: (1) a creditor; (2) a debtor; (3) the debtor transferred assets shortly before or after the creditor's claim arose; (4) with actual intent to hinder, delay or defraud any of the debtor's creditors.  "Actual fraudulent intent is rarely susceptible to direct proof; therefore, the requisite intent may be proved circumstantially by presenting evidence of certain 'badges of fraud' that may cumulatively give rise to an inference of intent to hinder, delay, or defraud."[55]

As with her declaratory judgment claim, Trustee argues that she has established that she is likely to prevail upon the merits of her fraudulent transfer claim based upon "the allegations made herein and the findings of the United States Bankruptcy Court in its Memorandum Opinion dated April 1, 2022."[56]  However, unlike the declaratory judgment action, Trustee's fraudulent transfer claim is subject to the heightened pleading standards of Rule 9(b) because fraud is alleged.[57]  Mrs. Ozcelebi's Response offers four reasons why Trustee is not likely to succeed on the merits: (i) statute of limitations; (ii) failure to comply with Rule 9(b) and failure to state a claim; and (iii) the improper use of shotgun pleadings.[58]  Nevertheless, the Court need not address any of the four arguments because, as with Trustee's declaratory judgment claim, Trustee wholly failed to offer any evidence supporting the likelihood of success on her fraudulent transfer claim at the hearing.[59]

Accordingly, having failed to demonstrate a likelihood of success on both of her claims, Trustee fails the first element for injunctive relief.

---

[54] *All Tex. Elec. Contractors, Inc. v. NSPS Metals LLC (In re All Tex. Elec. Contractors, Inc.)*, Nos. 20-34656, 21-3287, 2022 Bankr. LEXIS 113, at *27 (Bankr. S.D. Tex. 2022)

[55] *Id.* (citing *Jones v. Dyna Drill Techs., LLC*, No. 01-16-01008-CV, 2018 Tex. App. LEXIS 6689, at *14 (Tex. App.—Houston [1st Dist.] Aug. 23, 2018) (quoting *ASARCO LLC v. Americas Mining Corp.*, 396 B.R. 278, 370 (S.D. Tex. 2008)).

[56] ECF No. 1 at 10, ¶ 53.

[57] FED. R. CIV. P. 9(b).

[58] ECF No. 16 at 3, ¶ 12.

[59] ECF No. 20.

**2.  Whether there will be irreparable harm in the absence of preliminary injunctive relief**

In addition to showing a likelihood of success on the merits, the movant must also demonstrate a "likelihood of substantial and immediate irreparable injury' if the injunction is not granted, and the "inadequacy of remedies at law."[60]   Speculative injuries are not enough to satisfy this factor; "there must be more than an unfounded fear on the part of [the moving party]."[61]   Courts will not issue a preliminary injunction "simply to prevent the possibility of some remote future injury" but instead, plaintiffs must show a "presently existing actual threat."[62]   Plaintiff's injury need not have already been inflicted or be certain to occur; a strong threat of irreparable injury before a trial on the merits is adequate for a preliminary injunction to issue.[63]

In the Application, Trustee argues that she "is likely to suffer irreparable harm without the injunction as shown by the Trusts' pattern and practice of making distributions and selling assets even while this bankruptcy case is pending."[64]   Trustee further argues in the Application her contention is supported because (1) Cengiz Ozcelebi attempted to remove the Debtor as a beneficiary of the Vega and Lyra trusts soon after the initial 341 Meeting was convened in this case, suggesting that communications between the Debtor and Cengiz may lead to dissipation of assets; (2) the Court has already found that Debtor was not a credible witness in its prior Memorandum Opinion;[65] and (3) that Trustee's efforts to negotiate a stipulation with the Trusts regarding any out of the ordinary course transactions have not proved successful.[66]

---

[60] *Allied Pipe, LLC v. Paulsen*, No. 4:21-CV-1315, 2021 U.S. Dist. LEXIS 243510, at *16 (S.D. Tex. 2021) (citing *O'Shea v. Littleton*, 414 U.S. 488, 502 (1974)).
[61] *Allied Pipe, LLC*, No. 4:21-CV-1315, 2021 U.S. Dist. LEXIS 243510, at *16.
[62] *Id.*
[63] *Id.*
[64] ECF No. 1 at 10, ¶ 54.
[65] Bankr. ECF No. 356.
[66] ECF No. 1 at 10, ¶ 54.

Both the Trusts' Response and Mrs. Ozcelebi's Response argues that Trustee has failed to identify how the estate will be irreparably harmed because it simply concludes that the bankruptcy estate will suffer irreparable harm without any analysis whatsoever.[67]  Once again, the Court need not delve into the merits of these arguments because Trustee failed to offer any evidentiary support for this factor at the hearing.[68]

Accordingly, the Court finds that Trustee has not established irreparable harm in the absence of preliminary injunctive relief.

### 3.  Whether the threatened injury outweighs the threatened harm to the nonmovants

Before issuing an injunction, courts must "balance the competing claims of injury and . . . consider the effect on each party of the granting or withholding of the requested relief."[69]  The award of preliminary relief is never "strictly a matter of right, even though irreparable injury may otherwise result to the plaintiff," but is rather "a matter of sound judicial discretion" and careful balancing of interest of—and possible injuries to—the respective parties.[70]  If there is reason to believe that an injunction issued prior to a trial on the merits would be burdensome, the balance tips toward denying the preliminary injunctive relief.[71]

Here, there is a threat of harm to several nonmovants.  First, Mrs. Ozcelebi argues that she will suffer substantial harm if the Court grants the injunction as the Vega and Lyra Trusts provide for her expenses and Trustee has specifically requested that the Vega and Lyra Trusts be enjoined from making any transfers to Mrs. Ozcelebi.[72]  Next, the Trusts argue that they will suffer harm if

---

[67] ECF No. 16 at 6, ¶ 15; ECF No. 17 at 11, ¶ 42.

[68] ECF No. 20.

[69] *Allied Pipe*, No. 4:21-CV-1315, 2021 U.S. Dist. LEXIS 243510, at *16 (citing *Amoco Prod. Co. v. Vill. of Gambell*, 480 U.S. 531, 542 (1987)).

[70] *Yakus v. United States*, 321 U.S. 414, 440 (1944).

[71] *See Winter v. NRDC, Inc.*, 555 U.S. 7, 27, 129 S. Ct. 365, 378 (2008) ("The policy against the imposition of judicial restraints prior to an adjudication of the merits becomes more significant when there is reason to believe that the decree will be burdensome." (internal quotations omitted)).

[72] ECF No. 16 at 6 ¶ 17.

their respective trustees are unable to comply with their contractual and statutory obligations due to being restricted from conducting "trust business" as mandated by the respective Trust agreements.[73]  Noting that Trustee has not proposed to post a bond, the Trusts further argue the value of the assets in the Trusts could be impaired or diminished as a result of  Trustee's over-reaching proposed injunction.[74]

In the Application, Trustee offers only an unhelpful, conclusory assertion that "the balance of equities tips in the Trustee's favor in seeking relief, as shown by the facts found by the Court in its Memorandum Opinion dated April 1, 2022."[75]  Trustee never directly addresses which harms would be suffered by others or explains how the equities tip in her favor.  Additionally, Trustee failed to offer any evidence at the trial supporting this element.[76]

Accordingly, Trustee has failed to establish that the threatened injury outweighs threatened harm to nonmovants.

### 4.   Whether granting the preliminary injunction will serve the public interest

The final factor in the preliminary injunction analysis focuses on policy considerations. Plaintiffs have the burden to show that if granted, a preliminary injunction would not be adverse to public interest.[77]  If no public interest supports granting preliminary relief, such relief should ordinarily be denied, "even if the public interest would not be harmed by one."[78]  "Consequently, an evaluation of the public interest should be given considerable weight in determining whether a motion for preliminary injunction should be granted."[79]

---

[73] ECF No. 17 at 11, ¶ 43.
[74] *Id.*
[75] ECF No. 1 at 10, ¶ 55.
[76] ECF No. 20.
[77] *Allied Pipe*, No. 4:21-CV-1315, 2021 U.S. Dist. LEXIS 243510, at *19.
[78] *Id.*
[79] *Id.*

In the Application, Trustee argues that the injunction is in the public interest because it promotes the efficient administration of bankruptcy estates and the payment of creditors holding claims against the estate.[80]  Although scant on analysis, Trustee's assertion is accurate.  In bankruptcy, the public policy is to have an orderly administration of the debtor's assets via their bankruptcy estate, such that the debtor may be able to gain a fresh start, by satisfying valid claims against that estate.[81]  As this Court found in *In re OGA Charters, LLC*, preventing the dissipation of potential assets belonging to the debtor that, pursuant to 11 U.S.C. § 541, may be brought into the bankruptcy estate is in the public interest, in general.[82]

Both the Trusts' Response and Mrs. Ozcelebi's Response assert that granting this preliminary injunction would merely serve the interest of an individual rather than the public at large.[83]  However, this argument wrongly focuses the scope of the analysis on the individual most directly impacted rather than the general promotion of bankruptcy public policy interests at large.  As stated above, preventing the dissipation of asserts and promoting the debtor's ability to pay creditors is in the public interest.

Accordingly, Trustee has established that granting the preliminary injunction will not disservice the public interest.

### III.    CONCLUSION

The Application is denied on multiple grounds. First, for failure to comply the Local Rules and this Court's Procedures as well as for failing to sufficiently specify that which it seeks to require or enjoin any party from doing.  Additionally, based on the foregoing analysis on the four

---

[80] ECF No. 1 at 10, ¶ 56.
[81] *In re Lots by Murphy, Inc.*, 430 B.R. 431, 436 (Bankr. S.D. Tex. 2010) (citing to *In re T-H New Orleans Ltd. P'ship*, 188 B.R. 799, 807 (E.D. La. 1995), *aff'd*, 116 F.3d 790 (5th Cir. 1997).
[82] *Villarreal v. N.Y. Marine & Gen. Ins. Co. (In re OGA Charters, LLC)*, 554 B.R. 415, 426 (Bankr. S.D. Tex. 2016).
[83] ECF No. 16 at 6, ¶ 19; ECF No. 17 at 13, ¶ 52.

factors required for entering injunctive relief, this Court finds that Trustee has met only one of the four elements.  Trustee failed to demonstrate a likelihood of success on her declaratory judgement claim as well as on her fraudulent transfer claim and thus failed to satisfy the first factor.  Next, Trustee did not meet the second factor because she failed to demonstrate irreparable harm in the absence of preliminary relief.  Further, Trustee failed to satisfy the third factor by being unable to show that the threatened injury outweighed the threatened harm to nonmovants.  Trustee only satisfied the fourth factor.  Accordingly, having failed to meet three out of the four factors, Trustee's request for injunctive relief is denied.

An order consistent with this Memorandum Opinion will be entered on the docket simultaneously herewith.

SIGNED May 13, 2022

Eduardo Rodríguez
United States Bankruptcy Judge